IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | |
|---|---|
| LaRONDE D. GILLIS, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )  CASE NO. 4:20-cv-17 |
| | ) |
| RODNEY PEWITT AND | ) |
| LANDSTAR INWAY, INC., | ) |
| | ) |
| Defendants. | ) |

## NOTICE OF REMOVAL

Defendants, Rodney Pewitt and Landstar Inway, Inc. (collectively, "Landstar Defendants"), by counsel, hereby provide notice of removal of this action pursuant to the provisions of 28 U.S.C. § 1332 and § 1446, from the Circuit Court of Jasper County, Indiana, to the United States District Court for the Northern District of Indiana, Lafayette Division, and respectfully state:

### Background

1. On February 15, 2020, Plaintiff filed his Complaint for Damages in the Circuit Court of Jasper, County, Indiana, under Cause No. 37C01-2002-CT-000126. (Plaintiff's Complaint).

2. Plaintiff's Complaint for Damages alleges that he was involved in a commercial motor vehicle accident with Rodney Pewitt and during same alleges to have, incurred permanent physical injuries, lost wages and a diminished quality of life. (*See* Complaint for Damages, ¶¶ 8-11.)

3. Venue is proper in this Court pursuant to 28 U.S.C. §§ 94(1)(3) and 1441(a), because the United States District Court for the Northern District of Indiana, Lafayette Division,

is the federal judicial district and division embracing the Circuit Court of Jasper County, Indiana, where this action was originally filed.

4. By filing a Notice of Removal in this matter, Landstar Defendants do not waive their rights to object to service of process, the sufficiency of process, jurisdiction over the person, or venue, and Defendants specifically reserve the right to assert any defenses and/or objections to which they may be entitled.

5. As discussed below, this Court has original jurisdiction under 28 U.S.C. § 1332 and this case is removable under 28 U.S.C. § 1446(b)(3).

## Removal is Timely

6. 28 U.S.C. § 1446(b) provides the following time limitation on removal of civil actions:

> The notice of removal of a civil action or proceeding shall be filed **within 30 days** after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

(emphasis added).

7. Landstar Inway, Inc. first received a copy of the Complaint for Damages on or about February 21, 2020. Defendant Rodney Pewitt first received a copy of the Complaint for Damages on or about February 21, 2020.

8. Because Defendants are filing this Notice on March 16, 2020, within thirty (30) days after Defendants Landstar Inway, Inc., and Rodney Pewitt received a copy of the Complaint for Damages, removal is timely.

## Complete Diversity of Citizenship Exists Among the Parties

9. Plaintiff, LaRonde D. Gillis, Jr., is a citizen of the State of Indiana.

10.    Rodney Pewitt is a citizen of the State of Tennessee.

11.    Landstar Inway, Inc. is a Florida corporation with its principal place of business in Florida. As such, it is a citizen of the State of Florida.

12.    Thus, the controversy in said action is entirely between citizens of different states of the United States, and Landstar Defendants desire to remove said cause from the Circuit Court of Jasper County, Indiana, to the United States District Court, Northern District of Indiana pursuant to 28 U.S.C. 1332(a)(1) and 1441(a).

### The Amount in Controversy Requirement is Satisfied

13.    The amount in controversy requirement of 28 U.S.C. § 1332 is also satisfied. Under 28 U.S.C. § 1332(a), the amount in controversy in a case where federal jurisdiction is based on diversity of citizenship must exceed $75,000, exclusive of interest and costs. Where, as here, the complaint does not specify the amount in controversy, the removing Defendants must show a reasonable probability that the jurisdictional minimum has been met. Malinowski v. Walgreen Co., NO. 2:08-CV-173 RM, 2008 WL 2704740, at *3 (N.D. Ind. July 3, 2008). "[A] good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence." Id. (quoting Oshana v. Coca-Cola Co., 472 F.3d 506, 511 (7th Cir. 2006)).

14.    The undersigned counsel has attempted to communicate with Plaintiff's counsel regarding damages, and Plaintiff's counsel has not responded regarding whether Plaintiff's damages are under $75,000. Plaintiff's Complaint claims permanent physical injuries, lost wages, physical and mental pain and suffering, lost ability to perform usual activities, and a diminished qualify of life. Accordingly, it is reasonably to presume that Plaintiff's damages exceed $75,000.

15.    Because both of the requirements for federal diversity jurisdiction are satisfied, this case is removable by Defendants.

## **Removal is Appropriate**

16. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because there is complete diversity among the parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs. Accordingly, removal is appropriate pursuant to 28 U.S.C. §§ 1441 and 1446.

17. Defendants have attached as Exhibit A to this Notice of Removal, to the extent existing, copies of the state court docket sheet, all pleadings, motions, orders, and all other filings, organized in chronological order by the state court filing, as required under 28 U.S.C. §§ 1441, 1446.

18. Attached hereto as Exhibit B is a copy of Plaintiff's Complaint for Damages.

19. This Notice of Removal is being served upon Plaintiff and contemporaneously filed with the Clerk of Circuit Court of Jasper County, Indiana. Copies of the Notice of Filing Notice of Removal, together with the Notice of Removal are being served upon Plaintiff pursuant to 28 U.S.C. § 1446(b).

20. The filing fee of $400.00 has been paid to the Clerk of the United States District Court at the time of filing the Notice of Removal.

21. A copy of Defendants' Notice to Plaintiffs and Clerk of the Circuit Court of Jasper County of Defendants' Application to Remove Cause to Federal Court is attached hereto as Exhibit C.

Respectfully submitted,

KIGHTLINGER & GRAY, LLP

By: */s/ Nathan A. Pagryzinski*
Nathan A. Pagryzinski (Atty. No. 34722-49)
Erin A. Clancy (Atty. No. 21962-49)
*Attorneys for Defendants, Rodney Pewitt and Landstar Inway, Inc.*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 16th day of March, 2020, the foregoing was e-filed with the Court and served on the following counsel of record via regular mail:

Christopher A. Moeller
KEN NUNN LAW OFFICE
104 South Franklin Road
Bloomington, IN 47404
chrism@kennunn.com
*Attorneys for Plaintiff*

                                                */s/ Nathan A. Pagryzinski*
                                                Nathan A. Pagryzinski

KIGHTLINGER & GRAY, LLP
One Indiana Square, Suite 300
211 N. Pennsylvania Street
Indianapolis, IN 46204
(317) 638-4521
npagryzinski@k-glaw.com